MELCER NEWMAN PLLC
Jon E. Newman (JN 6951)
111 John Street, Suite 1500
New York, New York 10038
(212) 980-8470

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.: 1:18-CV-3931
YANIV LEVY,

                        Plaintiff,

    -against-

                                                              COMPLAINT

REFUAH HEALTH CENTER, INC and
EDWARD RUDOLPH, DDS,

                        Defendants.
------------------------------------------------------------X

Plaintiff YANIV LEVY, by his attorneys MELCER NEWMAN PLLC, complaining of defendants REFUAH HEALTH CENTER, INC and EDWARD RUDOLPH, DDS, states as follows:

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1.      That all times hereinafter alleged, plaintiff YANIV LEVY was and is a resident of Rockland County, City and State of New York.

2.      That at all times hereinafter alleged, defendant REFUAH HEALTH CENTER, INC., (hereinafter referred to as REFUAH) was and still is a domestic New York State non-for-profit corporation, organized and existing under and by virtue of the laws of the State of New York, and maintained a medical facility located at 728 North Main Street, Spring Valley, New York 10977.

3.      Upon information and belief, at all times hereinafter mentioned, defendant EDWARD RUDOLPH, DDS was and still is a dentist duly licensed to practice dentistry in the State of New York.

4. The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. §§ 1346 (b) and or 1367 because defendants were deemed either to be a federal health care facility and or federal employees under the provisions of The Federally Supported Health Centers Assistance Act of 1992 and 1995.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and or 28 U.S.C. § 1402(b) because the events comprising the medical malpractice complained of herein occurred in Rockland County, State of New York and because plaintiff is domiciled in Rockland County.

6. This action is commenced within two years after the cause of action accrued.

7. That this matter has been submitted as an administrative claim for adjustment to the appropriate federal agency on December 18, 2017 and that the matter was not adjusted therein by the Department of Health and Human Services as memorialized in its correspondence dated March 26, 2018.

8. This action is commence within six months of the final denial of the said administrative claim.

**THE PARTIES AND THE MALPRACTICE**

9. That, upon information and belief, at all times herein mentioned, defendant REFUAH, owned, operated, maintained, supervised and controlled a certain health center known as REFUAH HEALTH CENTER, located at 728 North Main Street, Spring Valley, New York 10977, where it employed such agents, servants, physicians, nurses and other employees, for the purpose of treating persons entering thereto, for the purpose of receiving medical/dental care and attention.

10. Defendant REFUAH through its agents, servants, employees and representatives held itself out to the general public to be medical facility possessing staff with the proper degree of skill and learning necessary to render medical/dental services, treatments, tests and procedures in accordance with good and accepted medical practice.

11. Upon information and belief, at all times hereinafter mentioned, defendants held themselves out to the public, and more particularly to plaintiff herein, as rendering and being capable of rendering dental care in accordance with good and accepted standards of medical practice in the community.

12. That at all times herein mentioned, and on or about May 14, 2017 defendant EDWARD RUDOLPH, DDS was employed directly by defendant REFUAH, as a staff member.

13. That at all times herein mentioned, on or about the date of May 14, 2017 defendant EDWARD RUDOLPH, DDS, was an independent contractor with privileges to practice medicine at REFUAH.

14. That upon information and belief, at all times herein mentioned on or about the date of May 14, 2017, defendant EDWARD RUDOLPH, DDS, was a dentist duly affiliated and associated with defendant REFUAH.

15. That on or about the date of May 14, 2017, defendant EDWARD RUDOLPH, DDS, did in fact render certain care and treatment to plaintiff at the aforesaid health center within the scope of his employment and/or association with the defendant REFUAH.

16. That prior to, during, or on or about the date of May 14, 2017, defendant EDWARD RUDOLPH, DDS, never disclosed to plaintiff that he was an independent contractor.

3

17. That prior to, during, or on or about the date of May 14, 2017, defendant EDWARD RUDOLPH, DDS, represented to plaintiff that he was an employee and or representative of defendant REFUAH.

18. That at all times herein mentioned on or about the date of May 14, 2017, REFUAH and EDWARD RUDOLPH, DDS, rendered medical/dental care to plaintiff for the signs and symptoms he originally presented with and/or the effects of the malpractice alleged herein.

### AS AND FOR A FIRST CAUSE OF ACTION BASED ON MEDICAL MALPRACTICE ON BEHALF OF PLAINTIFF YANIV LEVY

19. On or about May 14, 2017 and times prior and subsequent, defendants, through their agents, servants, representatives and employees agreed to undertake and did render medical/dental care to plaintiff YANIV LEVY.

20. Defendants were careless and negligent in their care and treatment of plaintiff, in that they caused or permitted incompetent, unskillful and improper treatment of plaintiff; they failed and neglected to provide skillful, diligent and careful treatment for plaintiff in accordance with accepted standards of medical and surgical practices, procedure and techniques prevailing at the aforesaid time and place; respondents failed to exercise the knowledge, skill and diligence which they should have exercised on plaintiff's behalf thereby inflicting serious injury to plaintiff .

21. As a result of the negligence, malpractice, and wrongdoing of the defendants as aforesaid, plaintiff was caused to sustain serious, severe, and permanent personal injuries and has been caused to suffer and will continue to suffer physical pain and mental anguish.

22. At all times relevant herein and to this day, defendant did business within the boundaries of the Southern District as defined by law.

23. The injuries and damages sustained by plaintiff were caused by reason of the negligence and malpractice of the defendants with no negligence on the part of the plaintiff contributing thereto all to his damage in a sum up to and including $5,000,000 (Five Million Dollars), with the final amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF YANIV LEVY FOR LACK OF INFORMED CONSENT

24. That defendants did fail to advise plaintiff of the alternatives to said professional treatment and defendant failed to advise plaintiff of the reasonably foreseeable risks and complications involved as reasonable dental practitioners would have disclosed, in such a manner permitting plaintiff to make knowledgeable evaluation concerning said treatment.

25. Plaintiff, YANIV LEVY, was injured by defendant in that had plaintiff been fully informed, plaintiff, or a reasonably prudent person in plaintiff's position, would not have undergone the treatment and procedure and that failure of defendant to properly inform plaintiff herein caused him to sustain a severe personal injury.

26. That by reason of the foregoing, plaintiff became sick, sore, lame and/or disabled; sustained personal injuries; suffered and will continue to suffer great pain and anguish in body and mind; received necessary hospitalization; has received, is receiving and will continue to receive medical treatment and medicine in an endeavor to heal said injuries, and for which expenses have, are and will continue to be incurred; was rendered unable to attend to usual duties and lifestyle as theretofore done; and, upon information and belief, plaintiff's injuries are permanent, protracted and disabling in nature, all to his damage in a sum up to and including $5,000,000 (Five Million Dollars), with the final amount to be determined at trial.

**WHEREFORE,** plaintiff YANIV LEVY demands judgment against defendants in an amount up to and including $5,000,000 (Five Million Dollars), with the final amount to be determined at trial, together with the costs and disbursements of this action.

Dated:    New York, New York
          April 30, 2018

_____
MELCER NEWMAN PLLC
Attorneys for Plaintiff
YANIV LEVY
111 John Street, Suite 1500
New York, New York 10038
(212) 980-8470
By: JON E. NEWMAN (JN 6951)

## CERTIFICATION

Under Federal Rule of Civil Procedure Number 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:   New York, New York
         April 30, 2018

_____
MELCER NEWMAN PLLC
Attorneys for Plaintiff
YANIV LEVY
111 John Street, Suite 1500
New York, New York 10038
(212) 980-8470
By:  JON E. NEWMAN (JN 6951)